**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)  DEANN SHEPHERD and | ) | |
| (2)  SHANNON SHEPHERD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. ___CIV-21-564-SLP___ |
| | ) | |
| (1)  YIWU THOUSANDSHORES | ) | |
| E-BUSINESS CO. LTD, | ) | |
| (2)  THOUSANDSHORES, INC., | ) | |
| (3)  AMAZON, INC., and | ) | |
| (4)  AMAZON.COM SERVICES, LLC, | ) | |
| f/k/a AMAZON.COM SERVICES, | ) | |
| INC. and AMAZON FULFILLMENT | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiffs, DeAnn Shepherd and Shannon Shepherd ("Plaintiffs"), for their causes of

action against the Defendants, Yiwu Thousandshores E-Business Co. Ltd ("Yiwu"), Thousandshores,

Inc. ("Thousandshores"), Amazon, Inc., and Amazon.com Services, LLC ("Amazon.com Services"),

allege and state:

### JURIDICTION AND VENUE

1.      Plaintiffs, DeAnn Shepherd and Shannon Shepherd, are residents of Oklahoma

County and citizens of the State of Oklahoma.

2.      The Defendant, Yiwu, is incorporated in China with a business address of 315

HongYun Rd., ChengXi Street, Yiwuu, China 322000.

3.      The Defendant, Thousandshores, is incorporated in the state of California and has its

principal place of business in California.

4.      The Defendant, Amazon, Inc., is a Delaware corporation with its principal place of business in Seattle, Washington.

5.      The Defendant, Amazon.com Services is a D.C. corporation with its principal place of business in Seattle, Washington.

6.      Upon information and belief, the Defendants, Yiwu and Thousandshores, design, manufacture, and sell miscellaneous consumer products, including telescopic ladders, with the intent that their products be placed in the stream of commerce through the Defendants and on-line retailers, Amazon, Inc., and Amazon.com Services, and sold throughout the United States, including the state of Oklahoma.  Each of the above-named Defendants have satisfied minimal contacts with the state of Oklahoma.

7.      On December 7, 2020, the Plaintiff, DeAnn Shepherd, purchased from Amazon, Inc. and Amazon.com Services a telescopic ladder designed and manufactured by Yiwu and Thousandshores.  She thought this type of ladder was convenient and perfect for cleaning inside her house.

8.      The Defendants, Amazon, Inc. and Amazon.com Services, warranted, distributed, marketed, placed in the stream of commerce, and sold the telescopic ladder that caused DeAnn Shepherd's injuries, described herein. The telescopic ladder was delivered to DeAnn Shepherd in Oklahoma County on December 11, 2020.

9.      Federal subject matter jurisdiction in this action exists by reason of diversity of citizenship and an amount in controversy that exceeds $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C.A. § 1332(a).

**FACTUAL BACKGROUND**

10.     Plaintiffs are currently married and were married at the time of the occurrence described herein.

11.     On March 2, 2021, Plaintiff, DeAnn Shepherd was on the telescopic ladder extended to approximately 10 feet to clean the windows in her home.  Without warning, the side of the ladder ruptured, causing the ladder to lurch to the side.  DeAnn Shepherd was thrown  from the ladder and struck her face on the granite counter top below.

12.     As a result of DeAnn Shepherd's fall, she suffered numerous traumatic injuries.  Her injuries include, but are not limited to, a crushed eye socket, shattered cheek bones, broken nose, and a punctured cheek, all requiring surgery.  Medical doctors and surgeons installed plates and screws in an effort to repair her shattered skull, and to restore shape to the right side of her face that had been destroyed during the fall.  DeAnn Shepherd also suffered a full-thickness rotator cuff tear of her right shoulder, a tear of the labrum in her hip, a fractured pelvis, fractured ribs, torn knee meniscus, serious injuries to her cervical and lumbar spine, a closed head injury, injury to her right eye, and numerous other injuries, mental and physical.

13.     Shannon Shepherd was present at the time DeAnn Shepherd was on the ladder and fell, and he witnessed the fall and resulting injuries.

**FIRST CAUSE OF ACTION**
**DEANN SHEPHERD – NEGLIGENCE**

The Plaintiff, DeAnn Shepherd, adopts and realleges the allegations contained in numerical paragraphs 1-13 above and, in addition, alleges and states:

14.     Defendants, and each of them, were negligent in one or more of the following particulars:

(a)     Selling a defective ladder to Plaintiff;

(b)     Failing to warn Plaintiff of the defective ladder;

(c)     Failing to use ordinary care to keep this Plaintiff from becoming injured; and

(d)     Failing to inspect and test the ladder before placing it into the stream of commerce and selling it to DeAnn Shepherd.

15.     Amazon, Inc. and Amazon.com Services were negligent in:

(a)     Failing to exert influence on the Chinese manufacturers regarding product safety;

(b)     Failing to exercise sufficient control over the design, testing, manufacture, packaging, and labeling of the ladder; and

(b)     Altering and modifying the product, which was a substantial factor in causing the harm for which recovery of damages is sought.

16.     In addition, Plaintiff's injuries and harm were the direct result of the carelessness, negligence, gross negligence, recklessness, and willful and wanton conduct of Yiwu and Thousandshores.  DeAnn Shepherd alleges that Yiwu and Thousandshores:

(a)     Did not adequately inspect, examine and test the injury-producing product before placing it into the stream of commerce;

(b)     Did not adequately manufacture the injury-producing product to provide safety in reasonably foreseeable uses;

(c)     Did not adequately instruct and warn product owners and operators regarding the maintenance, safe use, and failures of the injury-producing product;

(d)     Failed to design the injury-producing product to function properly under reasonable use;

(e)     Failed to instruct caution and post adequate warnings for owners and operators of the injury-producing product; and

(f)     Failed to meet applicable standards of reasonable conduct and breached duties owed with regard to the injury-producing product.

17.     Plaintiffs allege that the Defendants, Yiwu and Thousandshores, negligently designed and manufactured the defective telescopic ladder.  However, the search for the Chinese manufacturer(s) and their addresses has been arduous and time consuming.  Discovery may reveal another manufacturer and another Defendant to be named in this lawsuit.  If the correct manufacturer has not been identified in this Complaint, it has not been due to a lack of due diligence on the part of Plaintiffs.  Amazon, Inc. and Amazon.com Services contracted with Yiwu and Thousandshores despite the elusive nature of these Chinese companies for the purpose of selling the Chinese-manufactured products in the United States.

18.     The manufacturer(s), believed to be a Chinese company(ies), is not subject to service of process under the laws of the state of Oklahoma.

19.     Plaintiffs believe, and therefore allege, that this Court will eventually reach a determination that Plaintiffs will be unable to enforce a judgment(s) against the Chinese manufacturer(s).

20.     As a result of the combined negligence of the Defendants, described above, the Plaintiff, DeAnn Shepherd, was severely and permanently injured.  She claims damages for physical and mental pain and suffering, past and future, lost wages, loss of earning capacity, disfigurement, permanent injury, and for the reasonable and necessary medical expenses, past and future.

21.     The Plaintiff, DeAnn Shepherd, also alleges the conduct of the Defendants constitutes gross negligence and recklessness, thus warranting the imposition of punitive damages as punishment to these Defendants and to deter others from like conduct.

WHEREFORE, Plaintiff, DeAnn Shepherd, prays for judgment against the Defendants, and each of them, for actual and punitive damages in excess of $75,000.00, and for such other relief which this Court deems proper and just.

### SECOND CAUSE OF ACTION
### DEANN SHEPHERD - MANUFACTURERS' PRODUCTS LIABILITY

The Plaintiff, DeAnn Shepherd, adopts and realleges the allegations contained in numerical paragraphs 1-21 above and, in addition, alleges and states:

22.     Upon information and belief, the Defendants, Yiwu and Thousandshores, designed, manufactured, marketed, warranted, distributed and sold the telescopic ladder that caused DeAnn Shepherd's injuries.  The Defendants, Amazon, Inc. and Amazon.com Services participated in the marketing and distribution of the ladder to the general public, including this Plaintiff.

23.     DeAnn Shepherd's injuries were the direct and proximate result of defects in the design, material, manufacture, workmanship, marketing and sale of the injury-producing product. Said defects caused the injury-producing product to be unreasonably dangerous and constituted misrepresentations of safety and breach of implied and express warranties, for which Defendants, and each of them, are strictly liable under the Oklahoma doctrine of Manufacturers' Products Liability.

24.     As a result of the Defendants' combined negligence and strict liability, Plaintiff, DeAnn Shepherd, was severely and permanently injured.  DeAnn Shepherd claims damages in excess of $75,000.00.

25.     DeAnn Shepherd further alleges that the conduct of these Defendants was wanton, reckless, and intentional, thus warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, DeAnn Shepherd, prays for judgment against the Defendants, and each of them, for actual and punitive damages in an amount in excess of $75,000.00, for a reasonable attorney's fee and costs, and for such other relief which this Court deems proper and just.

### THIRD CAUSE OF ACTION
### SHANNON SHEPHERD - LOSS OF CONSORTIUM

The Plaintiff, Shannon Shepherd, for the Third Cause of Action in Plaintiffs' Complaint, adopts and realleges the allegations contained in numerical paragraphs 1-25 above and, in addition, alleges and states:

26.     As a direct result of DeAnn Shepherd's injuries and damages caused by the negligence and wrongful conduct of the above-named Defendants, Shannon Shepherd has suffered the loss of consortium, services, and companionship of his wife, DeAnn Shepherd.

27.     Shannon Shepherd claims damages for loss of consortium and services in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff, Shannon Shepherd, prays for judgment against the Defendants, and each of them, for damages in an amount in excess of $75,000.00, for a reasonable attorney's fee and costs, and for such other damages as this Court deems proper and just.

### FOURTH CAUSE OF ACTION
### SHANNON SHEPHERD - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

The Plaintiff, Shannon Shepherd, for the Fourth Cause of Action in Plaintiffs' Complaint, adopts and realleges the allegations contained in numerical paragraphs 1-27 above and, in addition, alleges and states:

28.     At the time of the occurrence described above and the injuries suffered by DeAnn Shepherd, Shannon Shepherd suffered emotional distress from observing the fall, her injuries, her pain and suffering, and her slow recuperation.  Shannon Shepherd's emotional distress was caused as a direct result of the combined negligence of the above-named Defendants.

WHEREFORE, the Plaintiff, Shannon Shepherd, prays for judgment against the Defendants, and each of them, for an amount in excess of $75,000.00.

Respectfully submitted,

s/ Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
Matthew C. Kane, OBA No. 19502
**RYAN WHALEY**
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
Telephone:     405-239-6040
Facsimile:     405-239-6766
Email: jerry@ryanwhaley.com
          mkane@ryanwhaley.com

AND

s/ Jerry W. Foshee
Jerry W. Foshee, OBA No. 3045
**CAIN LAW OFFICE**
Post Office Box 892098
Oklahoma City, Oklahoma 73189
Telephone:     405-759-7400
Facsimile:     405-759-7424
Email: clo@cainlaw-okc.com

ATTORNEYS FOR PLAINTIFFS

**ATTORNEY'S LIEN CLAIMED.**
**JURY TRIAL DEMANDED.**