UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEANN SHEPHERD et al.,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )   Case No. CIV-21-564-G |
| | ) |
| **YIWU THOUSANDSHORES** | ) |
| **E-BUSINESS CO. LTD et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

Now before the Court is Plaintiffs DeAnn Shepherd's and Shannon Shepherd's Motion (Doc. No. 86), asking the Court to deny the motion for summary judgment filed by Defendants Amazon, Inc. and Amazon.com Services, LLC (the "Amazon Defendants") pursuant Federal Rule of Civil Procedure 56(d) or, in the alternative, to extend the deadline for Plaintiffs to respond to that motion by 62 days.[1] The Amazon Defendants responded in opposition to the motions (Doc. No. 90).

Plaintiffs invoke Rule 56(d) and request that the Court deny the Amazon Defendants' dispositive motion "until there is a complete record, including the completion of fact discovery and expert discovery." Pls.' Mot. at 1. Rule 56(d) prescribes that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue

---

[1] Although labeled a response to the Amazon Defendants' motion for summary judgment, Plaintiffs' filing is instead styled as a motion and requests affirmative relief.

any other appropriate order." Fed. R. Civ. P. 56(d). "In the Tenth Circuit, a non-movant requesting additional discovery under Rule 56(d) must specify in the affidavit (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 968 (10th Cir. 2021) (internal quotation marks omitted). "A party may not invoke Rule 56[(d)] by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion." *Libertarian Party of NM v. Herrera*, 506 F.3d 1303, 1308-09 (10th Cir. 2007) (internal quotation marks omitted).

In their Motion, Plaintiff fail to justify relief under Rule 56(d). In the Affidavit of Gerard F. Pignato (Doc. No. 86-3), counsel for Plaintiffs outlines several general areas of additional discovery Plaintiffs wish to conduct. But Plaintiffs make no meaningful attempt, in their Motion or in the attached Affidavit, to identify specific probable facts that are unavailable, explain why evidentiary material supporting those facts was not discovered earlier, or explain with specificity why those facts are necessary for its summary judgment response brief.

Accordingly, the Court DENIES Plaintiffs' Motion to the extent it requests relief under Rule 56(d). The Court nevertheless finds that good cause exists for an extension of Plaintiffs' deadline to respond to the dispositive motion filed by the Amazon Defendants. Plaintiffs may file their response brief on or before October 24, 2022. The Amazon Defendants' deadline to file a reply brief under the Local Rules is extended accordingly.

2

IT IS SO ORDERED this 13th day of October, 2022.

CHARLES B. GOODWIN
United States District Judge

3